IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 OCT 17 PM 3: 29
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY____

| | | |
|---|---|---|
| JESUS VILLARREAL, <br> Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. ___ |
| WILLIAM HARRIS, JOSHUA COLLIER, MARC WALKER, SELIA BOOTHE, JAMES TAPLIN, JOHN MITCHELL, DWIGHT HARRIS, AS EXECUTIVE DIRECTOR OF TEXAS YOUTH COMMISSION AND JEROME PARSEE AS SUPERINTENDENT OF MARLIN ORIENTATION & ASSESSMENT UNIT, <br> Defendant. | § § § § | A08CA 780 SS |

**PLAINTIFF, JESUS VILLARREAL'S, ORIGINAL COMPLAINT
AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jesus Villarreal, hereinafter called Plaintiff, complaining of and about

WILLIAM HARRIS, JOSHUA COLLIER, MARC WALKER, SELIA BOOTHE, JAMES TAPLIN,

JOHN MITCHELL, DWIGHT HARRIS, as Executive Director of TEXAS YOUTH COMMISSION

and JEROME PARSEE, as Superintendent of MARLIN ORIENTATION & ASSESSMENT UNIT

hereinafter called Defendants, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff JESUS VILLARREAL, is a citizen of the United States and the State of

Texas and resides in Hays County, TX.

2.      Defendant WILLIAM HARRIS, an Individual who is a resident of Texas, may be

served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6,

Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal

delivery.

1

3. Defendant JOSHUA COLLIER, an Individual who is a resident of Texas, may be served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

4. Defendant MARC WALKER, an Individual who is a resident of Texas, may be served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant SELIA BOOTHE, an Individual who is a resident of Texas, may be served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant JAMES TAPLIN, an Individual who is a resident of Texas, may be served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

7. Defendant JOHN MITCHELL, an Individual who is a resident of Texas, may be served with process at T.Y.C.'s Marlin Orientation & Assessment Unit, 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

8. Defendant DWIGHT HARRIS is an Individual who is being sued as an individual and as representative of the State of Texas and as the Executive Director of TEXAS YOUTH COMMISSION, a TEXAS STATE AGENCY, and may be served with process at his office at the Texas Youth Commission, 4900 N. Lamar Austin, Texas 78751 Service of said Defendant as described above can be effected by personal delivery.

9. Defendant JEROME PARSEE is an Individual who is being sued as an individual and as representative of the State of Texas and as SUPERINTENDENT of MARLIN ORIENTATION & ASSESSMENT UNIT, a DIVISION OF TEXAS YOUTH COMMISSION, and may be served

with process at his office at 2893 State Highway 6, Marlin, Texas 76661. Service of said Defendant as described above can be effected by personal delivery.

10.     Both the State of Texas and Texas Youth Commission are being sued and named as Defendants in this lawsuit.

## JURISDICTION

11.     The action arises under  28 U.S.C. Section 1331 and 1443 and other statutory provisions.

12.     This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

13.     This is an action under Title 42 U.S.C. Section 1983 as amended by the Civil Rights Act of 1991 to correct unlawful and unconstitutional practices.

## FACTS

14.     At all times relevant to this case, Plaintiff Jesus Villarreal was a juvenile prisoner who had been ordered into the Marlin Orientation & Assessment Unit of the Texas Youth Commission. Defendants W. Harris, Collier, Walker, Boohte, Taplin and Mitchell were all Juvenile Corrections Officers working in the Marlin Orientation & Assessment Unit and Defendant Jerome Parsee was the superintendent and employer of Defendant W. Harris, Collier, Walker, Boothe, Taplin and Mitchell.  The Marlin Orientation & Assessment Unit  was a state owned and controlled juvenile facility which was under the direct control of the Texas Youth Commission.

15.     On June 21, 2005, Defendant William Harris began to assault and injure Plaintiff without reason or justification. Defendant William Harris pushed Plaintiff forcefully into the wall between Dorm 1B and 2A. Without cause or justification, William Harris then pushed Plaintiff against the wall forcefully at the Security entrance then grabbed youth Jesus Villarreal by the back of the neck and pulled him to a hallway with unoccupied cells located behind the Security desk.

3

Defendant William Harris then lifted Plaintiff from the floor by the front of Jesus's neck then threw Plaintiff forcefully against a table and to the floor. While Plaintiff still on the floor Defendant William Harris began kicking Jesus on his head. William Harris than picked Plaintiff up from the floor, escorted him back to the name board area in Security, and shoved Jesus against the wall. All the actions of Defendant William Harris were grossly negligent, cruel, extremely excessive and unnecessary. Plaintiff did not threaten, assault or cause harm or injury to William Harris and was not resisting the legal actions of Defendant William Harris. Defendants Walker, Boothe, Taplin and Mitchell were all Texas employees who were present during the unprovoked attack and assisted and/or encouraged and watched the assault and gave tacit and verbal approval of the actions of Harris. Defendants had a duty and obligation to protect Plaintiff but each named defendant failed and refused to protect Plaintiff and complied with the wishes and needs of Harris. All named Defendants attempted to hide their actions and failed to report the incidents which caused abuse to Plaintiff. All actions of Defendants were performed with conscious indifference to the rights of Plaintiff and were done solely to cause serious bodily injury to Plaintiff. The actions of Harris described herein would not have happened but for the assistance and cooperation of the other named Defendants.

## EXCESSIVE FORCE

16.     Defendant William Harris's actions, as described herein, were deliberately indifferent and an unnecessary and wanton infliction of pain. All such actions were excessive, cruel and amounted to a violation of Plaintiff's 8th and 14th Amendment Right and designed to cause permanent injury to Plaintiff. Other named Defendants cooperated with, assisted in and/or provided protection for Defendant Harris so that he could complete his assault upon Plaintiff.

## ASSAULT AND BATTERY

17.     Defendant WILLIAM HARRIS, with the assistance of the other named individual Defendants, intentionally, knowingly, or recklessly made contact with Plaintiff's person or threatened Plaintiff with imminent bodily injury which caused injury to Plaintiff. Plaintiff suffered

4

damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18.     Defendants' actions, as described herein was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

19.     Texas Youth Commission and Marlin Orientation & Assessment Unit owed a legal duty of protection to Plaintiff and both breached that duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendants' actions.

## NEGLIGENT HIRING, SUPERVISION, TRAINING, DISCIPLINE AND RETENTION

20.     Plaintiff alleges that the conduct of Defendants Dwight Harris and Jerome Parsee, other than William Harris, constituted negligent hiring, supervision, training, lack of discipline and retention. Plaintiff alleges that Defendants D. Harris and J. Parsee did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether W. Harris, Collier, Walker, Boohte, Taplin and Mitchell were unfit, incompetent, or a danger to third parties. Defendants D. Harris and J. Parsee knew or should have known that W. Harris, Collier, Walker, Boohte, Taplin and Mitchell were unfit and could foresee that W. Harris, Collier, Walker, Boohte, Taplin and Mitchell would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendants failed to discipline these and other TYC employees at this unit and employees routinely and intentionally assaulted and abused juvenile inmates under their care, custody and control without fear or concern for punishment to them. Defendants had actual knowledge of the continual use of excessive force being used by these and other officers and refused to retrain and/or discipline them. Numerous physical abuses were ignored and not investigated. Defendants' D. Harris and J. Parsee's failure to exercise reasonable care in the hiring, supervision, training, disciplining and retention of W. Harris, Collier, Walker, Boohte, Taplin and Mitchell was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues. Defendants had actual knowledge of past abuses of these Defendants.

## DAMAGES

21.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a.     Beaten and Swollen body, face and trauma to mind and emotions.

    b.     All reasonable and necessary Attorney's fees;

    c.     All reasonable and necessary costs incurred in pursuit of this suit;

    d.     Emotional pain;

    e.     Expert fees as the Court deems appropriate;

    f.     Inconvenience;

    g.     Prejudgment interest;

    h.     Mental anguish in the past and future;

    i.     Reasonable medical care and expenses

    j.     Physical pain and suffering

## EXEMPLARY DAMAGES

22.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jesus Villarreal, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs

of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:_____
Bobby R. Taylor
Texas Bar No. 19685500
THE LAW OFFICES OF BOBBY R. TAYLOR
1709 E. Martin L. King, Jr. Blvd.
Austin, Texas  78702
Tel. (512)476-4886
Fax. (512)476-2818
Attorney for Plaintiff
Jesus Villarreal

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**